DASHKO v. OIL FIELDS CORPORATION.

Opinion delivered October 10, 1927.

APPEAL AND ERROR—APPROVAL OF MASTER'S REPORT—CROSS-APPEAL.— On appeal from a decree approving a master's report disallowing claims against appellee, a cross-appeal by appellee presents nothing for consideration, in the absence of exceptions to the master's report or error on the face of the decree.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy*, Chancellor; affirmed.

*Powell, Smead & Knox*, for appellant.

*Albert L. Wilson*, for appellee.

HUMPHREYS, J. The original appeal in this case is from the decree of the chancery court of Ouachita County, Second Division, approving the master's report disallowing appellant's claims against appellee and in dismissing their intervening petitions for want of equity. The cross-appeal is from the decree approving the master's report disallowing appellee's claims against appellants in accordance with the prayer in its response and cross-complaint to the intervening petitions of appellants. The suit in which appellants filed intervening petitions was brought by Frank W. Lowe against Gordon Ingalls, Gordon Ingalls, trustee, Gordon Ingalls, trustee for Kosse Mutual Ownership Pool (Richard Rader Mineral Deeds Syndicate), Gordon Ingalls, trustee for Robert E. Miller Mineral Deed Syndicate, and appellee, the Oil Fields Corporation, to recover about a million and a half dollars alleged to have been furnished by Frank W. Lowe and his associates to Ingalls, Dashko, Forbes, and other

syndicates, to purchase oil and gas leases, charging that they used only a part of the money to purchase leases, fraudulently appropriating the greater part thereof to their own uses. He prayed that a receiver be appointed to take charge of the property in possession of the Oil Fields Corporation, which had taken over the properties of the several syndicates, and that same be sold and disbursed among the investors.

Upon the filing of the complaint, J. H. Meek of Camden, Arkansas, was appointed receiver to take charge of the property of the defendant, the Oil Fields Corporation, the property of the other defendants having been previously conveyed to the Oil Fields Corporation.

The Oil Fields Corporation filed an answer, setting up a merger agreement by which the properties of the syndicates made defendants in the case were acquired by and duly assigned to the Oil Fields Corporation. It prayed that the transfers be upheld as valid and that the property taken over by the receiver be turned back to it.

The intervening petition of T. B. Novick was for $5,751.85, based upon an alleged exchange of one complete drilling rig and double set of standard cable tools, valued at $14,676.31, for one standard rig and string of tubing and casing and other items of credit, valued at $8,944.46, as per itemized account attached as an exhibit. He prayed judgment in the sum of $5,751.85, together with interest thereon at the rate of 6 per cent. per annum, and that his claim be allowed to take precedence over the claims of unit-holders and stockholders whose interests are or may be asserted herein, and that the receiver be authorized, empowered and directed to pay said claim.

The intervening petition of J. S. Dashko was for $21,956.90, based upon itemized statements attached as Exhibits W, A, B, C, D, E and F, representing rentals on drilling rigs, promissory notes, checks, salary, and money advanced to pay certain items of expense. He prayed for judgment in the sum of $21,956.90, together with interest thereon at the rate of 6 per cent. per annum, and that his claim be allowed to take precedence over claims of all unit

holders and stockholders whose interests are or may be asserted herein, and that the receiver herein be authorized, empowered and directed to pay said claim.

Appellee filed an answer to the intervention of T. P. Novick, denying that it owed him any amount.

Appellee also filed an answer to the intervention of J. S. Dashko, denying that it owed him anything, and, by way of estoppel, interposed a merger bulletin issued by J. S. Dashko, at the time the syndicates assigned their respective properties to appellee, to the effect that the only indebtedness of appellee was $5.37 on an outstanding check.

Appellee also filed a supplemental answer and cross-complaint to the interventions of both T. P. Novick and J. S. Dashko, as follows:

"On June 22, 1925, the Oil Fields Corporation filed its supplemental response to the intervening petitions of T. P. Novick and J. S. Dashko, in which it charged, in addition to its original response to said intervening petitions, and as a counterclaim against said T. P. Novick and J. S. Dashko, that, on or about the 15th day of February, 1924, the said T. P. Novick and J. S. Dashko, who was the vice president of the Oil Fields Corporation, scheming to defraud this corporation and to transfer to said T. P. Novick, for J. S. Dashko, a large quantity of oil well supplies and material then belonging to this defendant, Oil Fields Corporation, pretended to exchange the drilling rig and tools mentioned in the claim of the said T. P. Novick for said oil well supplies and material, and placed the value of said drilling rig and tools at $14,676.31, and received therefor said oil well supplies and material to the amount of $7,898.76, and claimed a balance due from this defendant, Oil Fields Corporation, as stated in the claim of said T. P. Novick, and this defendant alleges that said drilling rig and tools were the property of this defendant, Oil Fields Corporation, and were of the value not to exceed $3,000; that, by pretending that the defendant, T. P. Novick, owned said drilling rig and tools, the said T. P. Novick and J. S. Dashko obtained

from the defendant, Oil Fields Corporation, said oil-well supplies and material to the amount of $7,898.76, without consideration having been received therefor by this defendant, Oil Fields Corporation. Wherefore it demanded a judgment against said T. P. Novick and J. S. Dashko for $7,898.76, the value of said oil-well supplies and material so obtained, with interest thereon at 6 per cent. per annum from February 15, 1924.''

A master was appointed to state an account between appellants and appellee, and the cause was heard upon the pleadings, testimony and supplemental report of the master.

In the main case the court rendered a decree, from which an appeal was not taken, in substance as follows:

''On the 27th day of November, 1925, the court made and entered its decree in the main case, finding the issues joined in favor of the Oil Fields Corporation and against the plaintiffs and all interveners, decreeing all property taken into the custody of the receiver to belong to the Oil Fields Corporation, and ordering it restored to the receiver as of midnight, November 30, 1925, directing the receiver to assign all of the property to the Oil Fields Corporation and make up his final account.''

The proceedings involved in this appeal are the supplemental report of the special master, the exception filed thereto by appellants, and the judgment overruling the exceptions and approving the master's report.

Appellee prayed and secured a cross-appeal, but, as he failed to file any exceptions to the master's report, there is nothing before us for consideration on the cross-appeal, as it does not appear from the face of the report or from the evidence in the cause that it is erroneous. Sections 7161 and 7163, Crawford & Moses' Digest.

The supplemental report of the master is as follows:

''Comes R. K. Mason, master herein, and, for his supplemental report herein, upon the claims of T. P. Novick and J. S. Dashko, states: That the testimony taken upon the interventions of said T. P. Novick and J. F. Dashko is not sufficiently clear and convincing, in the opinion of the

master, to justify the court in allowing the claim of said T. P. Novick or the claim of said J. S. Dashko; and that the testimony tends to show that said Novick and Dashko had and held possession and control of properties and funds exceeding the amounts claimed by them, respecttively, and have not made proper accounting to show the disbursement and disposition thereof; and that it is uncertain whether a proper stating of account would show the other defendants herein indebted to Dashko and Novick, or would show Dashko and Novick indebted to other defendants herein. Wherefore the master recommends to the court that the claim of T. P. Novick be denied, and that the claim of J. S. Dashko be denied."

Exceptions filed to the master's report by appellants are as follows:

"Come T. P. Novick and J. S. Dashko, and file the following exceptions to the report of the master filed in this cause, and state: That said report of the master is contrary to the evidence, contrary to the law, and contrary to both the law and the evidence. That the master erred in holding that the testimony taken upon said interventions is not sufficiently clear and convincing to justify the court in allowing the claims of T. P. Novick and J. S. Dashko; that the master erred in holding the testimony on said claim tended to show that said Novick and Dashko have held possession and control of properties and funds exceeding the amount claimed by them, respectively; that the master erred in holding that said Novick and Dashko have not made proper accounting to show disbursement and disposition of property and funds in their hands; that the master erred in holding that the evidence failed to show whether said Novick and Dashko were indebted to the Oil Fields Corporation or whether the Oil Fields Corporation was indebted to the said Novick and Dashko; that the master erred in ruling that claims of T. P. Novick and J. S. Dashko be denied."

The judgment of the court overruling the exceptions to the master's report is as follows:

"Now on this day come Powell, Smead & Knox, and the exceptions heretofore filed to the master's report on the claim of T. P. Novick and John Dashko coming on to be heard, the court, after hearing statement of counsel, and being well and sufficiently advised in the premises, is of the opinion that said exceptions should be overruled. It is therefore considered, ordered, adjudged and decreed by the court that the exceptions of T. P. Novick and John Dashko to the master's report should be and the same are hereby overruled, and the master's report is in all things approved by the court."

We have read the testimony very carefully with a view to ascertaining whether the claims of appellants are *bona fide* claims. It could serve no useful purpose as a precedent to set out the testimony, and to do so would only unduly extend this opinion. Suffice it to say that we have concluded that the claims are fictitious. The decree is therefore affirmed.